NOTE:  This order is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**In re:  VULCAN INDUSTRIAL HOLDINGS, LLC,
VULCAN ENERGY SERVICES, LLC, CIZION, LLC,
dba Vulcan Industrial Manufacturing, LLC,**
*Petitioners*

---

2020-151

---

On Petition for Writ of Mandamus to the United States
District Court for the Western District of Texas in No. 6:20-
cv-00200-ADA, Judge Alan D. Albright.

---

## ON PETITION

---

Before MOORE, O'MALLEY, and STOLL, *Circuit Judges*.

O'MALLEY, *Circuit Judge*.

## O R D E R

Vulcan Industrial Holdings, LLC et al. ("Vulcan") peti-
tion for a writ of mandamus directing the United States
District Court for the Western District of Texas to vacate
its August 2, 2020 order and to stay proceedings.  Kerr Ma-
chine Co. opposes the petition.

Kerr and Vulcan compete in the oilfield plunger pump
market.  Kerr brought this suit in March 2020 seeking both
damages  and  injunctive  relief,  alleging  that  Vulcan

infringes U.S. Patent No. 10,591,070 ("the '070 patent"). In May 2020, Vulcan petitioned the United States Patent and Trademark Office to institute post grant review ("PGR") of all claims of the '070 patent. Two months later, Vulcan moved to stay the litigation pending the outcome of the PGR. On August 3, 2020, the district court denied that motion, explaining, among other things, that "[t]he PTAB has not [yet] instituted the PGR." Appx1.

Mandamus is "reserved for extraordinary situations." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988) (citation omitted). Under the well-established standard for obtaining relief by way of mandamus, the petitioner must: (1) show that it has a clear and indisputable legal right; (2) show it does not have any other method of obtaining relief; and (3) convince the court that the "writ is appropriate under the circumstances." *Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 380–81 (2004) (citation omitted).

Vulcan has failed to satisfy this exacting standard. Although the district court's ruling that denied a stay was relatively cursory, it clearly relied on the fact that the Patent Office has not actually instituted review proceedings. Under such circumstances, we are unable to say that the district court clearly overstepped its authority or that Vulcan has shown a clear and indisputable right to relief. *Cf. VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1315 (Fed. Cir. 2014) (noting district courts that have denied as premature a motion to stay before the Patent Office proceedings were instituted).

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

November 25, 2020       /s/ Peter R. Marksteiner
Date             Peter R. Marksteiner
                Clerk of Court

s35